**SPARKS TUNE–UP CENTERS, INC., and Sparks National Owners Association, Inc., Plaintiffs,**

v.

**Lee R. STRONG, Linda J. Strong, Gary Kaminski and D.L. Automotive, a Minnesota General Partnership, Defendants.**

No. 92 C 5902.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 30, 1994.

Brian J. Wanca, Wilson & McIlvaine, Chicago, IL, for plaintiffs.

David Louis Passman, David L. Passman, P.C., Daniel S. Hefter, Martin B. Carroll, Timothy S. Flaherty, Hefter & Radke, Bart Thomas Murphy, Gardner, Carton & Douglas, Chicago, IL, and Linda S. Jensen and William B. Butler, Messerli & Kramer, Minneapolis, MN, for defendants.

### *MEMORANDUM OPINION*

KOCORAS, District Judge:

This matter is before the Court on Plaintiffs' Motion for Sanctions. For the reasons that follow, Plaintiffs' motion is presently denied.

### DISCUSSION

Plaintiffs Sparks Tune-up Centers, Inc. and Sparks National Owners Association, Inc. move this Court to enter an order sanctioning Defendants Lee Strong and Linda Strong ("the Strongs"). Essentially, the plaintiffs motion is premised on the fact that the Strongs have failed to appear for their depositions and have refused to produce certain documents.

In support, the plaintiffs state that on October 16, 1992 they sought and obtained a court order from Magistrate Judge Gottschall granting their motion to compel the Strongs to present themselves for deposition. The plaintiffs further assert that a couple of months later, on December 2, 1992 they sought and obtained an order from the magistrate judge granting their motion to compel the defendants to produce the documents presently in issue. Subsequently, on December 16, 1992 the defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court. On March 29, 1993, by order of the Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota, the defendants were discharged in bankruptcy. Both parties agree that by virtue of the Bankruptcy Discharge, the Strongs are discharged from all debts referenced by the Discharge and relating to the time period preceding the filing of their petition in bankruptcy on December 16, 1992.

Plaintiffs renoticed the Strongs' depositions for July 15, 1994 and requested that certain documents be produced. On July 14, 1994, less than 24 hours before the depositions were to take place, Lee Strong sent by facsimile a letter to Plaintiffs' counsel refusing to produce the documents and objecting to the notice of deposition addressed to Linda Strong. As expressed in Strong's letter, the defendants' objected to the deposition because they believed that the plaintiffs were proceeding in violation of the discharge provisions of the Bankruptcy Code, 11 U.S.C. § 524. Strong stated that his wife[1] refused to appear for any deposition and refused to produce any documents until the plaintiffs either commenced an action based on the Strongs' post-petition conduct, or amended the complaint to allege facts that deal with their post-petition conduct. Lee Strong also objected to the deposition claiming that the location, Chicago, Illinois, was unreasonable,[2] and that the plaintiffs' notice was improper.

Plaintiffs' counsel immediately responded to the Strongs' letter by sending through Federal Express a letter dated July 14, 1994 requesting that a conference be held to discuss their differences. The Strongs have failed to respond to Plaintiffs' July 14th letter. As a result, Plaintiffs filed this motion for sanctions seeking to bar the defendants from producing any documentary or testimonial evidence at trial.

---

1. Lee Strong's letter was only addressed to Plaintiffs' notice of deposition of Linda Strong.

2. It is worth noting that Magistrate Judge Gottschall, per Minute Order dated October 16, 1992, granted the plaintiffs' motion to compel the defendants to submit to deposition in Chicago.

The Strongs have filed an answer to the plaintiffs' motion, reasserting their objection that the plaintiffs are proceeding in violation of the discharge provisions of the Bankruptcy Code. In support, the Strongs claim that the documents which the plaintiffs request are pre-petition documents, dating back to November 1991. The Strongs further maintain that to the extent that the plaintiffs seek damages for the Strongs' post-petition conduct the plaintiffs must amend their complaint to specifically allege such a request.

The plaintiffs agree that as a result of the Bankruptcy Discharge they are not entitled to a judgment on the Strongs' pre-petition conduct. In fact, Plaintiffs affirmatively state that as a result of the Bankruptcy Discharge the only issues remaining in this case are trademark infringement damages for the ongoing trademark infringement engaged in by the Strongs and their partners after the filing of their bankruptcy petition in late 1992 through the fall of 1993 when the automotive repair facility was closed and the infringing signage was removed. The plaintiffs, however, maintain that there is no reason to file an amended complaint since this would needlessly delay matters. In addition, for the purpose of clarifying matters the plaintiffs move to voluntarily dismiss, without prejudice, Counts I and IV of their Complaint, and state that they will seek a damage calculation under Count III pursuant to 15 U.S.C. § 1117 for the defendants' post-petition conduct.

 We reject the Strongs' contention that the plaintiffs' conduct in pursuing discovery is violative of the Bankruptcy Discharge. The Strongs do not dispute that the Bankruptcy Discharge does not affect their obligations for post-petition conduct. Thus, we find that the defendants are entitled to discovery regarding the Strongs' allegedly wrongful conduct subsequent to December 16, 1992. With respect to the Strongs' claim that the plaintiffs must amend their complaint to specifically allege wrongful post-petition conduct, we reject that argument as well. We agree with Sparks that amending their complaint would serve no practical purpose, particularly in light of the fact that

Count III alleges a continuing injury under federal trademark laws.

 It is clear from the record in this case that the defendants have continuously and needlessly delayed the progression of this action. However, we will not presently grant the plaintiffs' motion. Rather, we will direct the defendants to present themselves for deposition within 30 calendar days of the date of this opinion, consistent with the schedule of plaintiffs' counsel. Defendants will also be required to produce the documents requested by the plaintiffs prior to the date of their depositions. If the defendants fail to comply with this Order will grant the plaintiffs' request for sanctions and bar the defendants from producing any documentary or testimonial evidence at trial on the issues remaining in this case.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Sanctions is presently denied. However, as stated above, the defendants are required to present themselves for deposition and are required to produce the documents sought by plaintiffs within 30 calendar days of the date of this opinion.